RUDOLPH PRIKRYL

vs.

AMERICAN SURETY COMPANY OF NEW YORK

Superior Court      New Haven County      File #47511

Present:  Hon. EDWIN C. DICKENSON, Judge.

L. Rubin,                          Attorney for the Plaintiff.

A. H. Barclay ,                    Attorney for the Defendant.

**MEMORANDUM FILED NOVEMBER 23, 1935.**

DICKENSON, J.   The defendant insured West Haven Elks Lodge, against burglary the policy stating the business of the assured to be "Lodger" and the property to be "merchandise, securities and money". "Money" and "securities" are defined in the policy but not merchandise. "B" of Conditions Precedent in the policy states that property held by the assured as bailee or in any capacity that would render him liable to the owner is covered. It is further provided in this section that in event of a loss in such capacity the insurer may settle with the assured or the owner.

Policies containing such a provision have expressly been held to give the owner a right to sue. **Mord vs. New York Indemnity Co., 214 N. Y. Supplement 693-695.** In **Byram Lumber & Supply Co. vs. Zehnder, 109 Conn., 256-260** such a right of suit is stated to be on the ground that the promisor, agreed to assume a legal obligation (of the assured) to the third person.

It appears in the instant case it was agreed the defendant might settle with the owner and necessarily the owner might settle with the insurer. It would seem if the owner might settle with the insurer, without consent of the assured, he might sue the insurer and save multiplicity of action.

As to the contention that jewelry is not merchandise within the contemplation of the policy, if the business of the assured was "lodger", which is defined by Webster to be "one who provides lodging", jewelry might well be considered mer-

chandise within the terms of the policy.

The demurrer is overruled on all grounds.